IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>FRANCES M. FLOOD<br><br>Defendant, | ORDER DENYING<br>REDUCTION OF SENTENCE<br>AND RELEASE ON APPEAL<br><br><br><br><br><br>Case No. 2:07-cr-485-1 DB |

The Defendant moves this court for Reduction of Sentence Pursuant to Rule 35 and for Release Pending Appeal. Both parties have fully briefed the issues. The court, after reviewing these written arguments, concludes that oral argument is unnecessary and enters the following order. See DUCivR 7-1(f).

BACKGROUND

After a three-week trial in February 2009, a jury found Defendant Flood guilty of conspiracy, false statements to accountants, securities fraud, and perjury. The Defendant challenged this verdict by filing a motion to dismiss asserting statute of limitations violations, a motion to dismiss based on double jeopardy, and a motion to vacate her conviction based on an alleged conflict of interest. The court denied all three motions. (dckt. no. 170).

Then, in June 2010, the court sentenced Defendant Flood to 48 months incarceration and 36 months supervised release. (dckt. no. 182; Sentencing Tr. June 2, 2010). To determine a proper sentence, the court calculated a guideline range using the U.S. Sentencing Guidelines. Pursuant to U.S. Sentencing Guideline § 3D1.1(a), the court grouped all counts with the securities fraud counts because all four crimes involved substantially the same harm. Then looking at securities fraud, the court determined the base offense level as 6, using U.S. Sentencing Guideline § 2B1.1. Looking at the specific offense level, the court increased the level by 20 based on a loss value of over $7 million pursuant to section 2B1.1(b)(1)(K) and by 4 levels based on the number of victims pursuant to section 2B1.1(b)(2)(B). Adding in other considerations, the court reached an offense level of 36. The Defendant qualified for criminal history category I. Based on these calculations, the guideline range for Ms. Flood was 188 to 235 months incarceration. The government requested 108 months incarceration and the defense argued for probation. The Defendant argued that the loss level was between $1 million and $2.5 million because Defendant Flood and her co-defendant had forfeited nearly $6 million in stock benefits and options and employment contracts. Additionally, the Defendant argued that the number of victims was less than 50– and most likely just 1–ClearOne. This would have brought the offense calculation to 22 and the total offense level to 28. The guideline range for this calculation was 78 to 97 months incarceration. Ultimately, Defendant Flood argued that the sanctions that she agreed to in the S.E.C. matter and her new focus on serving and caring for the elderly, should mitigate in favor of a sentence of probation.

After calculating the guideline range, the court looked to 18 U.S.C. § 3553 and focused

on the nature and circumstances of the offense and the history and characteristics of Defendant Flood, balanced with the need for deterrence, and determined that a below-guideline sentence was appropriate. Accordingly, the court sentenced Defendant Flood to 48 months incarceration, followed by supervised release. The court did not impose a fine and based on the government's position that restitution to ClearOne would be inappropriate, did not impose a restitution requirement.

The Defendant now challenges this sentence pursuant to Federal Rule of Criminal Procedure 35, arguing that the loss value was incorrectly calculated, and, therefore, the court improperly increased the offense level by 20 points. The Defendant has also appealed the court's denial of her motions to dismiss and her motion to vacate, as well as a jury instruction, to the Tenth Circuit Court of Appeals. In the interim, the Defendant seeks an order permitting her to remain on release pending that appeal. The court will address the two motions in turn.

## DISCUSSION

A. *Motion to Reduce Sentence*

Federal Rule of Criminal Procedure 35 permits the court to correct a sentence that resulted from clear error, most commonly arithmetical or technical errors. It does not permit the court to "reconsider the application or interpretation of the sentencing guidelines . . . . Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines." Fed. R. Crim. P. 35, advisory committee's 1991 Amendment note.

In this case, Defendant Flood urges the court to reduce her sentence, arguing that the loss

3

value used in the guideline calculation was incorrect. The Defendant made this argument and the court thoroughly considered this argument during the June 2010 sentencing hearing. The loss value used in sentencing Defendant Flood did not result from an arithmetical error, but instead from this court's application of the facts of Defendant Flood's conviction to the U.S. Sentencing Guidelines. The guidelines require the court to estimate the loss based on numerous factors, including the loss of corporate assets. Looking at the facts of the case, the court determined that ClearOne lost at least $7 million. In any event, the sentence did not rigidly adhere to the guideline. In fact, under the guidelines, the Defendant Flood's sentence reflects an amount of loss closer to or consistent with the Defendant's position. Accordingly, the Defendant's Motion for Reduction of Sentence Pursuant to Rule 35 is DENIED.

The Defendant also requests that the court amend the conditions of her supervised release. This request is premature; it may be raised more appropriately after her term of incarceration.

### B. *Motion for Release Pending Appeal*

A person sentenced to imprisonment based on a guilty conviction must be detained, even during the appeal, unless the district court finds by clear and convincing evidence that she is not a flight risk or danger to the community and that the appeal is not dilatory in nature and raises "a substantial question of law or fact likely to result in" reversal, a new trial, or a reduction in the sentence. 18 U.S.C. § 3143(b)(1). The Defendant, as the moving party, carries the burden to show by a preponderance of the evidence that it is more likely than not that the questions raised on appeal will be determined in her favor. *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir.

4

1985) (en banc).

In this case, Defendant Flood does not pose a serious risk of flight, but it is not likely that her appeal will be determined in her favor. To warrant release on appeal, the Defendant must raise "a 'close' question or one that very well could be decided the other way." *Affleck*, 765 F.2d at 952 (quoting *United States v. Giancola*, 754 F.2d 898, 900-01 (11th Cir. 1985). The issues raised by Defendant Flood do not fit this description. Flood's legal arguments for why the Superseding Indictments violated the statute of limitations and why her conviction put her in double jeopardy are counter to existing precedent. There is not a circuit split or any other obvious motivation for the Tenth Circuit to change its position on either of these issues. Similarly, Flood's argument regarding a conflict of interest fails to establish the factual underpinnings of such a conflict; ClearOne did not direct the legal strategy of Defendant Flood's counsel nor did it compromise Defendant Flood's legal representation. Defendant Flood has failed to raise a substantial question of law or fact likely to result in a reversal or reduction in her sentence. Accordingly, Defendant's Motion For Release Pending Appeal is DENIED.

IT IS SO ORDERED.

DATED this 2nd day of July, 2010.

BY THE COURT:

_____
Dee Benson
United States District Judge